McCarroll, Commissioner of Revenues *v.* The Southwest Distilled Products, Inc.

4-5647

131 S. W. 2d 5

Opinion delivered July 10, 1939.

*Jack Holt,* Attorney General, *Leffel Gentry,* Assistant Attorney General, and *Frank Pace, Jr.,* for appellant.

*Brickhouse & Brickhouse* and *Vol T. Lindsey,* for appellee.

McHaney, J. Appellee is engaged in the business of buying and selling of rectified distilled spirits, a portion of which it rectifies itself under two permits so to do, one at its West Memphis, Arkansas, plant and the other at its Sulphur Springs, Arkansas, plant. On June 9, 1939, appellant, acting on the advice of the attorney general, issued the following regulation: "(6) No Rectifier may sell liquor received into this state unless such liquors have been rectified, blended or mixed by said rectifier, and unless a five cent tax has been paid thereon in accordance with paragraph 4." Appellee brought this action to enjoin the enforcement of this regulation on the ground that the statute does not authorize the making of any such regulation. Appellant demurred to the complaint, which the court seems to have treated as an answer, as testimony of one witness was taken in open court on a stipulation that it might be transcribed and treated as a deposition. The court, after hearing the evidence and argument of counsel, entered a decree permanently enjoining appellant from interfering with appellee "in the purchase and sale of liquors both in bulk and in case lots, when all taxes enjoined upon it to be paid—have been paid at its place of business in West Memphis and Sulphur Springs, Arkansas."

It, therefore, appears to us that the only question to be determined by this appeal is one of law, and that is whether a person, as defined by act 108 of the acts of

1935, holding an Arkansas Rectifier's Permit may purchase and sell rectified distilled spirits other than those rectified, blended or mixed by such person. If such question be answered in the affirmative, then the regulation issued by appellant as above quoted is without authority of law and void, and the injunction granted was proper.

Section 14108 of Pope's Digest, being § 4 (a) of Article III of said act 108 of 1935, provides: "Any person may apply to the Commissioner of Revenues for a permit for rectifying, purifying, mixing, blending or flavoring of spirituous liquors or the bottling, warehousing or other handling or distribution of rectified distilled spirits. Such application shall be in writing and verified and shall set forth in detail such information concerning the applicant for said permit and the premises to be used therefor as the Commissioner shall require. Said application shall be accompanied by a certified check, or cash, or postal money order for the amount required by this Act for such permit. If the Commissioner shall grant the application, he shall issue a permit in such form as shall be determined by rules. Such permit shall contain a description of the premises to be used by the applicant and in form and in substance shall be a permit to the person therein specifically designated to purify, mix, blend or flavor spirituous or vinous, liquors, or to bottle, warehouse or otherwise handle or distribute rectified distilled spirits in the premises therein specifically authorized. The Commissioner shall have absolute discretion as to the location of the premises to be used."

It will be noticed that the statute authorizes any person to apply "for a permit for rectifying . . . spirituous liquors or the bottling, warehousing or other handling or distribution of rectified distilled spirits." By the latter part of said section, if the commissioner grants the application, "he shall issue a permit in such form as shall be determined by rules." It shall describe the premises to be used by the applicant, "and in form and in substance shall be a permit to the person . . . to purify, mix, blend or flavor spirituous or vinous liquors, or to bottle, warehouse or otherwise handle or distribute recti-

fied distilled spirits in the premises therein specifically authorized." By sub-section (b), a rectifier's customers are limited to wholesalers, other rectifiers and export out of the state.

The language above quoted in § 14108 is mandatory. If the commissioner issue a rectifiers permit, it says what its form and substance shall be. There is no discretion left to the commissioner as to this. But it is insisted that the word "or" was used by the legislature in the sense of "and" where the statute authorizes any person to apply for a permit for "rectifying . . . or the bottling, warehousing or other handling or distribution of rectified distilled spirits." We cannot agree that it was so used, because the legislature used the same word "or" in saying what the form and substance of the permit should contain. The context does not justify us in changing the word "or" to "and" in either instance. We think the legislature knew exactly what it was doing and used the correct word to express its intention.

It is undisputed in this record that a rectifier pays $1,500 per year as a privilege tax, whereas a distiller pays only $1,000 and a wholesaler only $750 per year. It is also undisputed that a rectifier does by custom and usage throughout the United States act as a jobber or distributor of rectified spirits other than those rectified by him, and it is stipulated that all spirits handled by appellee, whether of its own bottling or not, are "rectified, distilled spirits." It is also undisputed that a small part of appellee's business is the sale of spirits rectified by it. Evidently the state was granting some additional privileges to a rectifier over a wholesaler or a distiller, because of the privilege tax paid.

Moreover, the second paragraph of § 14109 of Pope's Digest seems to us to settle the question conclusively against appellant, if there should be any lingering doubt as to the meaning of section 14108. It provides: "A person holding a distillers or rectifiers permit need not obtain a wholesalers permit in order to sell at wholesale spirituous or vinous liquors. No person after

this act becomes effective, other than a person holding a distiller's, manufacturer's, rectifier's or wholesaler's permit shall sell spirituous, vinous (except wines) or malt liquors at wholesale and no wholesaler holding a permit shall sell or buy from others unless they hold permits, but such wholesalers may export from or import into this state, such liquors under rules and regulations promulgated by the Commissioner of Revenues."

That section specifically authorizes a person holding a rectifier's permit "to sell at wholesale spirituous or vinous liquors," and there is no language contained therein that attempts to limit a rectifier's sales at wholesale to products rectified by himself. He is something more than a wholesaler and he pays $750 annually more than does a wholesaler for the privilege of being this something more. If he is a wholesaler, and he is, with limited customers, then of necessity he should have the right to sell the products that a wholesaler may sell to the classes of customers permitted by statute. In a sense a rectifier is both a wholesaler and a distiller with a limited market for his merchandise.

We do not discuss or decide what taxes appellee is required to pay in addition to the $1,500 required for a permit, as that question is not involved in this litigation. We are asked to do so by appellant, but, if we did so, whatever we might say would be obiter, as the question is not presented or briefed.

We conclude that the regulation above quoted is contrary to the express provison of the statute and is without effect. The decree of the trial court so holding is correct and it is affirmed.

The Chief Justice, and Mr. Justice HUMPHREYS and Mr. Justice HOLT, think that § 4 of Act 108 only authorizes rectifiers to handle the liquors actually rectified without payment of the additional tax.